1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JERRY W. BAKER,

11              Plaintiff,                   No. 2:12-cv-0555 GEB EFB P

12        vs.

13   MARSH,

14              Defendant.                   <u>ORDER</u>
                                        /
15   _____

16        Plaintiff is a former county inmate proceeding pro se with this civil rights action under 42

17   U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

18   U.S.C. § 636(b)(1).

19        Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff

20   has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and

21   costs or give security therefor.  Accordingly, the request to proceed *in forma pauperis* will be

22   granted.  28 U.S.C. § 1915(a).  Determining plaintiff may proceed *in forma pauperis* does not

23   complete the required inquiry.  Federal courts must engage in a preliminary screening of cases in

24   which prisoners seek redress from a governmental entity or officer or employee of a

25   governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or

26   dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious,

1  or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

2  defendant who is immune from such relief." *Id.* § 1915A(b).

3          In order to avoid dismissal for failure to state a claim a complaint must contain more than

4  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

5  of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,

6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

7  statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

8          Furthermore, a claim upon which the court can grant relief has facial plausibility.

9  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

10  content that allows the court to draw the reasonable inference that the defendant is liable for the

11  misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

12  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.

13  Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

14  the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

15          A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal

16  Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

17  statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

18  fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

19  550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

20          The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it

21  does not state a cognizable claim.  The complaint consists of a cover page alleging that Marsh

22  has violated plaintiff right to access the courts.  The remaining 118 pages are copies from a legal

23  treatise.  The complaint fails to allege any facts to demonstrate an access to the courts claim, nor

24  does the complaint include any request for relief.  Although the Federal Rules adopt a flexible

25  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

26  succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

1   must allege with at least some degree of particularity overt acts which defendants engaged in that

2   support plaintiff's claim. *Id.* Because plaintiff fails to state a claim for relief, the complaint must

3   be dismissed.

4       Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

5   cognizable legal theory against a proper defendant and sufficient facts in support of that

6   cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

7   (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

8   their complaints). Should plaintiff choose to file an amended complaint, the amended complaint

9   shall clearly set forth the claims and allegations against each defendant. Any amended

10  complaint must cure the deficiencies identified above and also adhere to the following

11  requirements:

12      Any amended complaint must identify as a defendant only persons who personally

13  participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*

14  *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

15  constitutional right if he does an act, participates in another's act or omits to perform an act he is

16  legally required to do that causes the alleged deprivation). It must also contain a caption

17  including the names of all defendants. Fed. R. Civ. P. 10(a).

18      Any amended complaint must be written or typed so that it so that it is complete in itself

19  without reference to any earlier filed complaint. L.R. 220. This is because an amended

20  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

21  earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

22  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

23  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

24  1967)). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an

25  amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

26  complaints).

Moreover, plaintiff is hereby informed that because this case is only in the pleading stage, he need not prove his claims with evidence at this time.  At this stage, plaintiff is only required to provide notice of his claim through  "a short and plain statement."  Fed. R. Civ. P. 8(a).  By inundating the court with evidence at this stage in the proceedings, plaintiff only burdens the court, confuses the records, and delays his lawsuit.  If this action proceeds to a point where submission of evidence is appropriate, for example, summary judgment or trial, plaintiff will have the opportunity to submit necessary evidence.  But in amending his complaint, plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).   An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Prisoners have a constitutional right of access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials."  *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011).  An inmate alleging a violation of this right must show that he suffered an actual injury.  *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996).  That is, plaintiff must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement.  *See id.* at 351; *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed *in forma pauperis* is granted.

2.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in a recommendation that this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  August 2, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE